IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA RECEIVED
NORTHERN DIVISION

2006 MAY 23  P 3: 33

| | | |
|---|---|---|
| MARIE PERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:06cv465·SRW |
| | ) | |
| ELI LILLY AND COMPANY, | ) | |
| YOLANDA MCCAIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT ELI LILLY AND COMPANY'S MEMORANDUM IN
SUPPORT OF ITS MOTION TO STAY ALL PROCEEDINGS**

I.    **INTRODUCTION**

Defendant Eli Lilly and Company ("Lilly") respectfully moves this Court to stay

all proceedings in this action pending its transfer to *In re Zyprexa Prods. Liab. Litig.* (MDL-

1596), which is the MDL proceeding established in the Eastern District of New York to

coordinate all products liability cases sharing allegations concerning the safety of Zyprexa®.  On

November 22, 2005, this Court granted motions to stay in two Zyprexa-related cases nearly

identical to this case, which were filed by Plaintiff's counsel, which joined the same sales

representative joined here, and which had been removed to federal court on the grounds of

fraudulent joinder.  *See Muhammad v. Lilly*, et al., No.: 2:05-cv-1046-MHT (M.D. Ala. Nov. 22,

2005) (Thompson, J.) (Order attached as Exhibit "A"); *McCray-Martin v. Lilly, et al.*, No.: 2:05-

cv-1048-MHT (M.D. Ala. Nov. 22, 2005) (Thompson, J.) (Order attached as Exhibit "B")[1]; *see*

---

[1]    This Court upheld the Stay Orders entered in *Muhammad* and *McCray-Martin* on March 24, 2006,
denying Plaintiff's Motions to Reconsider.  *See* Orders attached as Exhibits "C" and "D," respectively.

*also Wright v. Lilly, et al.*, No.: 2:06-cv-193-KD-C (S.D. Ala. May 3, 2006) (DuBose, J.) (staying case removed on basis of fraudulent joinder of sales representatives) (Order attached as Exhibit "E"); *Anderson v. Lilly, et al.*, No.: 7:06-cv-636-LSC (N.D. Ala. Apr. 27, 2006) (Coogler, J.) (same) (Order attached as Exhibit "F"); *Brownlee v. Lilly, et al.*, 7:06-cv-634-JEO (N.D. Ala. Apr. 5, 2006) (Ott, Mag.) (same) (Order attached as Exhibit "G"); *Jackson v. Lilly, et al.*, No.: 5:06-cv-576-CLS (N.D. Ala. Apr. 5, 2006) (Smith, J.) (same) (Order attached as Exhibit "H"); *Hubbard v. Lilly, et al.*, No.: 3:06-cv-535-CLS (N.D. Ala. Apr. 5, 2006) (Smith, J.) (same) (Order attached as Exhibit "I"); *Wesley v. Lilly, et al.*, No.: 2:06-cv-569-SLB (N.D. Ala. Mar. 27, 2006) (Blackburn, J.) (same) (docket entry attached as Exhibit "J"); *McTier v. Lilly, et al.*, No.: 2:05-cv-607-T (M.D. Ala. Aug. 9, 2005) (same) (Order attached as Exhibit "K").

       *Muhammad* and *McCray-Martin*, along with *Crimes v. Lilly, et al.*, No.: 2:05-cv-1047-ID (M.D. Ala.) – another identical case filed by Plaintiff's counsel – have been transferred to the MDL and are currently pending before Judge Weinstein, the MDL judge. The present case and the five other identical cases Plaintiff's counsel has filed recently in Alabama state courts, like *Muhammad, McCray-Martin*, and *Crimes*, share common questions of fact and law with many other cases originally filed in both federal and state courts around the country involving the prescription medication Zyprexa, including its safety profile, marketing, and the adequacy of its labeling. Lilly is in the process of notifying the Judicial Panel on Multidistrict Litigation ("the Panel") that this action is suitable for transfer to MDL-1596, by filing a "tag-along" action pursuant to J.P.M.L. Rule 7.5. The Panel is expected shortly to issue a Conditional Transfer Order relating to this case. Accordingly, to achieve the judicial economies underlying Section 1407, Lilly asks this Court to stay all proceedings in this action and refrain from addressing any issue pending transfer of this case to the MDL Court.

## II.    BACKGROUND

### A.    MDL-1596

At the direction of the Panel, several hundred Zyprexa-related cases have been filed in or transferred to the MDL Court for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 ("MDL-1596").   Each of these cases presents overlapping questions of fact and they allege similar theories of liability and injury stemming from plaintiffs' alleged treatment with Zyprexa.  For example, plaintiffs are seeking or likely will seek much of the same discovery from Lilly pertaining to its development and pre-market and post-market testing of Zyprexa, including depositions of the same employees and experts.

The Panel, in its initial Transfer Order, stated that all the cases "share allegations concerning the safety of Zyprexa, a prescription drug used in the treatment of schizophrenia." The Panel further found that the cases involved common questions of fact and that centralization under Section 1407 will serve the convenience of the parties and witnesses and promote the "just and efficient conduct of this litigation."   April 14, 2004 Transfer Order, *In re Zyprexa Prods. Liab. Litig., Docket No. 1596*, attached as Exhibit "L".  The Panel also observed that "Section 1407 centralization will thus enable pretrial proceedings to be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties."  *Id.*

### B.    The Instant Action

Plaintiff commenced this action on April 19, 2006, by filing her Complaint in the Circuit Court of Bullock County, Alabama, bearing Case Number CV-06-39.  On April 25, 2006, Lilly was served with a copy of Plaintiff's Complaint.  On May 23, 2006, Lilly removed this action to this Court based on diversity jurisdiction under 28 U.S.C. § 1332, filed an Answer to the Complaint, joined in Plaintiff's Jury Demand, and filed this Motion to Stay.

There is no dispute that this case involves the same factual inquiries that the Panel noted were present in Zyprexa cases generally, which warranted coordinated or consolidated pre-trial proceedings in the Eastern District of New York. Specifically, it is clear from the face of the Complaint that this case, like other Zyprexa cases, focuses on the alleged health risks (including metabolic issues) when taking Zyprexa, a psychotropic agent, and whether or not Lilly knew of these risks and failed to disclose them to the medical community and consumers. For example, Plaintiff alleges that "Defendants aggressively marketed and sold Zyprexa by misleading potential users about the safety of the product and by failing to protect users of serious dangers which Defendants knew or should have known could result from Zyprexa use." (*See* Compl. at ¶ 15)

## III.    THIS CASE SHOULD BE STAYED PENDING TRANSFER TO THE MDL

This Court should exercise its discretion to stay action on all proceedings pending transfer of this case for consolidated or coordinated pretrial proceedings before Judge Weinstein, the MDL transferee judge, who is familiar with all of the common factual and legal issues in the Zyprexa cases. Numerous courts have held that a stay is proper when the Panel has already decided that coordination is appropriate and has designated a venue for the coordinated proceedings. *See, e.g., New Mexico State Investment Council v. Alexander*, 317 B.R. 440, 446 (D.N.M. 2004); *Mathern v. Wyeth*, No. 04-2116, 2004 WL 1922028, at *1 (E.D. La. Aug. 25, 2004); *Knearem v. Bayer Corp.*, No. 02-2096-CM, 2002 WL 1173551, at *1 (D. Kan. May 7, 2002); *Jackson v. Johnson & Johnson, Inc.,* No. 01-2113-DA, 2001 WL 34048067, at *6 (W.D. Tenn. Apr. 3, 2001).

Alabama courts have seen the efficacy of staying proceedings in Zyprexa-related cases pending transfer to the MDL. *See Wright v. Lilly, et al.*, No.: 2:06-cv-193-KD-C (S.D. Ala. May 3, 2006) (DuBose, J.); *Anderson v. Lilly, et al.*, No.: 7:06-cv-636-LSC (N.D. Ala. Apr.

27, 2006) (Coogler, J.); *Brownlee v. Lilly, et al.*, 7:06-cv-634-JEO (N.D. Ala. Apr. 5, 2006) (Ott,

Mag.); *Jackson v. Lilly, et al.*, No.: 5:06-cv-576-CLS (N.D. Ala. Apr. 5, 2006) (Smith, J.);

*Hubbard v. Lilly, et al.*, No.: 3:06-cv-535-CLS (N.D. Ala. Apr. 5, 2006) (Smith, J.); *Wesley v.

Lilly, et al.*, No.: 2:06-cv-569-SLB (N.D. Ala. Mar. 27, 2006) (Blackburn, J.); *Hale v. Lilly*, No.:

5:05-cv-2518-IPJ (N.D. Ala. Feb. 10, 2006) (Johnson, J.); *Muhammad v. Lilly*, et al., No.: 2:05-

cv-1046-MHT (M.D. Ala. Nov. 22, 2005) (Thompson, J.); *McCray-Martin v. Lilly, et al.*, No.:

2:05-cv-1048-MHT (M.D. Ala. Nov. 22, 2005) (Thompson, J.); *Speaks v. Lilly*, No.: 2:05-cv-

873-MEF (M.D. Ala. Oct. 27, 2005) (Fuller, J.); *McTier v. Lilly, et al.*, No.: 2:05-cv-607-T

(M.D. Ala. Aug. 9, 2005). For example, in *Brownlee*, after considering the plaintiff's Motion to

Remand and the plaintiff's Opposition to Motion to Stay, the court was "convinced that a stay of

this matter is appropriate." Exhibit "G" at 2. The court gave three reasons for its decision:

> First, the court does not see any prejudice to the plaintiff in the granting of
> the stay.  This court's experience with MDL cases is that the Panel
> expeditiously resolves transfer issues; therefore, the court finds no
> prejudice to the plaintiff. Second, due to the apparent commonality of
> factual and legal issues, such as the present jurisdictional question, it
> makes sense for the parties to address this issue before the MDL judge
> rather than before the various judges in the individual cases.  Third,
> judicial resources of this court will be saved if the instant action is stayed
> to allow the MDL judge to address any common remand issues.  Because
> the transferee judge will have more experience with the factual and legal
> issues in this litigation, the granting of a stay herein promotes the
> conservation of judicial resources.

Exhibit "G" at 2-3. Likewise, a stay of proceedings should be granted in this action because it

will promote judicial economy, avoid inconsistent rulings by different district courts, and avoid

prejudice to both plaintiff and defendant.[2]

---

[2]       Motions to Stay also have been granted in more than fifty Zyprexa-related cases from other
jurisdictions (Lilly will be happy to provide citations to each of these cases and/or copies of the stay orders, if the
Court wishes). *See, e.g., Stempien v. Lilly, et al.*, No.: C06-1811-TEH (N.D. Cal. May 4, 2006) (granting Lilly's
(continued...)

A.    **The Court Has The Inherent Power To Stay Proceedings In The Interests Of Judicial Economy And Uniformity**

This Court's power to stay its proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1967) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). Granting a stay pending a decision by the Panel to transfer the action "is within the court's discretion and it is appropriate when it serves the interests of judicial economy and efficiency." *Rivers v. Walt Disney Co.,* 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (citations omitted).

Federal courts and the Panel have consistently recognized that such stays are proper even when the federal court's jurisdiction is challenged on remand, leaving such jurisdictional challenges to be resolved by the MDL court. *See, e.g., In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (recognizing authority to stay action despite pending remand motion); *In re Amino Acid Lysine Antitrust Litig.,* 910 F. Supp. 696, 700 (J.P.M.L. 1995) (ordering consolidation and transfer and recognizing that "the pending motion to remand . . . can be presented to and decided by the transferee judge"); *Med. Soc'y v. Conn. Gen.. Corp.,* 187 F. Supp. 2d 89, 91 (S.D.N.Y. 2001) (declining to decide motion to remand pending transfer decision by the Panel); *Aikens v. Microsoft Corp.,* No. 00-0242, 2000 WL 310391, at *1 (E.D. La. Mar. 24, 2000) (declining to decide motion to remand pending transfer decision by the Panel); *Johnson v. AMR Corp.,* No.

---

(continued...)

Motion to Stay on grounds of judicial economy, uniformity and consistency, and potential hardship to Lilly if stay denied) (Order attached as Exhibit "M").

1:95-cv-07664, 1996 WL 164415, at *3-4 (N.D. Ill. Apr. 3, 1996) (staying ruling on jurisdictional motion pending transfer decision by the Panel).

**B.    A Stay Would Promote Judicial Economy And Efficiency**

Due to the overlapping factual issues and the similarities of the legal theories propounded in the Zyprexa cases pending in federal court, including this action, a great deal of work would be needlessly duplicated if pretrial proceedings and discovery were to go forward on a parallel track with MDL-1596. Most courts have granted motions to stay when there is the potential for inefficient use of judicial resources, as is the case where transfer by the Panel is pending. *See, e.g., Rivers,* 980 F. Supp. at 1362 ("[A] majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved.").

Moreover, should this Court deny the stay request, any rulings that this Court makes prior to its transfer to Judge Weinstein's court will most likely be reconsidered after transfer. It was this concern that prompted the *U.S. Bank* court to note, "[i]f the MDL motion is granted, all of the Court's time, energy and acquired knowledge regarding the action and its pretrial procedures will be wasted." *U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.,* No. 3:02-CV-0853-P, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002) (granting defendant's motion to stay). Therefore, this Court should not waste its limited resources "familiarizing itself with the intricacies of a case that would be heard [for pre-trial purposes] by another judge." *Rivers,* 980 F. Supp. at 1360.

Judicial economy would also be served by having Judge Weinstein decide any remand motions filed in this and in any other state court cases that have been removed on identical grounds. Fraudulent joinder is not a "local issue" bound to the transferor district. *See,*

*e.g., Stempien,* Order, Exhibit "M" at 2 ("This is not a case where the jurisdictional issue is unlikely to be raised in other cases that may be transferred to MDL . . ."). In fact, quite to the contrary, the issue has become increasingly important in MDL litigation, and MDL transferee courts have efficiently and effectively resolved the issues in cases sent to them by the Panel.

        The transferee court in the *Diet Drug* litigation, for example, has frequently addressed fraudulent joinder and has created a body of case law that provides valuable consistency and guidance for all involved. In the Eastern District of Pennsylvania, Judge Bartle addressed a motion to remand in an action where a defendant removed based upon fraudulent joinder and the plaintiff moved to remand. *In re Diet Drugs Prods. Liab. Litig.*, MDL 1203, No. 03-20370, 2004 WL 2624851 (E.D.Pa. Nov. 18, 2004). The transferor court deferred ruling on the plaintiff's motion and the Panel transferred the action to Judge Bartle. Evaluating the evidence presented, and by reference to his earlier rulings on fraudulent joinder in *Anderson v. American Home Products*, 220 F. Supp. 2d 414 (E.D.Pa. 2002), Judge Bartle denied the motion to remand. The transferee courts in the *Baycol* and *Rezulin* litigations have similarly addressed motions to remand based upon fraudulent joinder in actions before them. *See, e.g., In re Baycol Prods. Liab. Litig.*, MDL 1431, No. 02-4835, 2003 WL 21223842 (D.Minn. May 27, 2003) (nondiverse physician fraudulently joined, motion to remand denied); *In re Baycol Prods. Liab. Litig.*, MDL 1431, No. 02-129, 2002 WL 32155268 (D.Minn. May 24, 2002) (nondiverse pharmacy fraudulently joined to defeat diversity, motion to remand denied); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272 (S.D.N.Y. 2001) (denying motions to remand where sales representatives and physicians fraudulently joined, granting one motion where codefendant did not consent to removal).

Permitting this case to be transferred to the Eastern District of New York would also promote judicial economy by allowing all other substantive pretrial issues in the Zyprexa cases to be handled by Judge Weinstein, who has been dealing with Zyprexa-related issues for over two years.  MDL courts regularly decide *Daubert* and dispositive motions before they return a case to the original transferor court.  *See, e.g., In re Rezulin Prods. Liab. Litig.,* 309 F. Supp. 2d 531 (S.D.N.Y. 2004) (excluding plaintiffs' causation and regulatory experts under *Daubert*); *In re Propulsid Prods. Liab. Litig.,* 261 F. Supp. 2d 603 (E.D. La. 2003) (granting defendant pharmaceutical manufacturer's motion for summary judgment).  Judge Weinstein has devoted substantial time and resources to analyzing numerous jurisdictional, factual and legal issues that have been raised in these cases.  By granting the requested stay, this Court can avoid the unnecessary duplication of Judge Weinstein's efforts and use its resources to attend to other cases on its docket.

## C.    A Stay Will Prevent Inconsistent Decisions On Common Factual And Legal Issues, Including Remand

Granting a stay will allow this Court to avoid inconsistent decisions in this case and in many other Zyprexa cases that present identical jurisdictional issues.  As the Panel recognized long ago, the "remedial aim" of multidistrict litigation is "to eliminate the potential for conflicting contemporaneous pretrial rulings by coordinate district and appellate courts in multidistrict related civil actions."  *In re Plumbing Fixture Cases,* 298 F. Supp. 484, 491-92 (J.P.M.L. 1968).  Thus, to avoid risking inconsistent substantive legal rulings, district courts regularly stay pretrial proceedings.[3]

---

[3]    *See, e.g., In re Ivy,* 901 F.2d 7, 9 (2d Cir. 1990) (recognizing that "[c]onsistency as well as economy is thus served" when proceedings are stayed pending transfer); *Mathern,* 2004 WL 1922028, at *1 ("a stay of this case pending transfer to the MDL will promote judicial efficiency and avoid conflicting rulings"); *Knearem,* 2002 WL 1173551, at *1 ("Granting a stay of this litigation avoids the possibility of inconsistent pretrial rulings"); *Med. Soc'y,* 187 F. Supp. 2d at 92 (granting stay of all proceedings, including remand motion, because "there are (continued...)

The present case is just one of many Lilly has removed from state courts around the country on the basis that plaintiffs have contrived to fraudulently join nondiverse parties in order to frustrate Lilly's statutory right of removal. Judge Weinstein, as MDL transferee judge, would be able to provide a consistent approach to the issue, thus avoiding inconsistent or aberrant jurisdictional rulings. The Second Circuit endorsed just this approach in *In re Ivy*, where, in the context of jurisdictional objections in Agent Orange actions, it reasoned that:

> The jurisdictional issue in question is easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation . . . and there are real economies in transferring such cases to Judge Weinstein . . . . Once transferred, the jurisdictional objections can be heard and resolved by a single court . . . . Consistency as well as economy is thus served. We hold, therefore, that the MDL Panel has jurisdiction to transfer a case in which a jurisdictional objection is pending.

901 F. 2d at 9. *See also In re Prudential Ins. Co. of America Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001); *Walker v. Merck & Co., Inc.*, No. 05-cv-360-DRH, 2005 U.S. Dist. LEXIS 13693, at *3-4 (S.D. Ill. June 22, 2005) (citing to the Panel's finding that "the pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings" and "motions to remand in MDL-1657 actions can be presented to and decided by the transferee judge"). Similarly, the Panel has endorsed this approach in the Zyprexa litigation. *See* Letter from Panel Dated January 20, 2006 (attached as Exhibit "N") (stating that deferring decisions on motions to remand to the MDL court "may be especially

---

(continued...)

significant economies in having a single court decide a jurisdictional question which has arisen and presumably will continue to arise in cases around the nation"); *Good*, 5 F. Supp. 2d at 807 (granting a stay pending a transfer decision by the Panel because "[t]he purpose of such transfers is . . . to eliminate the potential for conflicting pretrial rulings"); *Rivers*, 980 F. Supp. at 1360-61 (concluding that, *inter alia*, the potential for conflicting decisions weighed in favor of a stay); *American Seafood*, 1992 WL 102762, at *2 ("judicial economy and prejudice to defendant weigh heavily in favor of [a] stay" when defendant may be forced to litigate similar motions that may result in conflicting rulings).

appropriate if the motion raises questions likely to arise in other actions in the transferee court and, in the interest of uniformity, might best be decided there if the Panel order centralization").

Plaintiff's counsel has filed this Complaint and eight others in state courts throughout Alabama, using nearly identical allegations against Lilly and Yolanda McCain in each. *See Frizzle v. Lilly, Yolanda McCain, et al.*, No.: CV-06-1068 (Cir. Ct. of Montgomery County); *Gantt v. Lilly, Yolanda McCain, et al.*, No.: CV-06-1077 (Cir. Ct. of Montgomery County); *Glover v. Lilly, Yolanda McCain, et al.*, No.: CV-06-1076 (Cir. Ct. of Montgomery County); *Grant v. Lilly, Yolanda McCain, et al.*, No.: CV-06-41 (Cir. Ct. of Lowndes County); *Wakefield v. Lilly, Yolanda McCain, et al.*, No.: CV-06-86 (Cir. Ct. of Macon County); *Muhammad v. Lilly, Yolanda (Brown) McCain, et al.*, No.: 2:05-cv-1046-MHT (M.D. Ala.) (removed from Cir. Ct. of Bullock County); *Crimes v. Lilly, Yolanda (Brown) McCain, et al.*, No.: 2:05-cv-1047-ID (M.D. Ala.) (removed from Cir. Ct. of Bullock County); *McCray-Martin v. Lilly, Yolanda (Brown) McCain, et al.*, No.: 2:05-cv-1048-MHT (M.D. Ala.) (removed from Cir. Ct. of Bullock County). Three of these cases, *Muhammad*, *Crimes*, and *McCray-Martin*, have already been transferred to the MDL court where the issue of whether Yolanda McCain has been fraudulently joined will be decided by Judge Weinstein.[4] *See* Transfer Orders (attached as Exhibits "O"). Upon removal, the remaining cases will be pending before multiple judges. Plaintiff's counsel will undoubtedly file nearly identical Motions to Remand and Oppositions to Lilly's Motions to Stay in each case, just as they did in *Muhammad*, *Crimes*, and *McCray-Martin*. The only way to ensure that these cases receive consistent treatment is to grant a stay of proceedings and allow the MDL court to decide the Motions to Remand in these nine cases,

---

[4]     Plaintiff's counsel also has at least nine cases from other jurisdictions now pending in the MDL – all initially filed in state court, all removed, all transferred and pending before Judge Weinstein.

Plaintiff's counsel's other cases already pending in the MDL, and any similar cases that may follow.

###   D.    A Stay Will Avoid Prejudice To All Parties

Denying a stay will result in substantial prejudice, hardship and inequity to Lilly because Lilly will be subject to duplicative discovery and motion practice. *See American. Seafood, Inc. v. Magnolia Processing, Inc.,* Nos. 92-1030, 92-1086, 1992 WL 102762, at *2 (E.D.Pa. May 7, 1992) (holding that "[t]he duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendant weight heavily in favor of a stay."). It is inevitable that plaintiffs across the country will notice the same set of Lilly employees and former employees for deposition, and, without a stay, the risk exists that Lilly will have to produce these witnesses multiple times in different jurisdictions. Further, absent a stay, it is likely that Lilly will be forced to litigate the same jurisdictional, substantive and procedural issues multiple times in multiple courts. The United States District Court for the Northern District of California recognized this hardship in the jurisdictional context in a similar Zyprexa case:

> Defendants face considerable hardship if this Court were to decide the remand motion, regardless of whether the Court granted or denied that motion. . . . if this Court were to deny the motion to remand, the MDL court may nonetheless revisit the issue upon transfer, thus forcing Defendants to relitigate the issue. . . . If, on the other hand, this Court were to grant the motion to remand and the MDL court ultimately decided that removal was proper, Defendants would be prejudiced by being forced to litigate this case in state court because remand orders are not appealable.

*Stempien* Order, Exhibit "M" at 3 (citations omitted). Moreover, a stay of proceedings will benefit all parties in this matter, including Plaintiff, because of the increased efficiency and

coordinated pretrial case management available in the MDL proceedings.[5]

In contrast, Plaintiff will suffer little if any prejudice if this case is stayed. Issuance of the transfer order is imminent, and tag-along proceedings generally move quickly. *See, e.g., Good v. Prudential Ins. Co.,* 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (granting a stay where "a stay pending a final decision by the MDL Panel would likely be brief"); *Tench v. Jackson Nat'l Life Ins. Co.,* No. 99-cv-5182, 1999 WL 1044923, at *2 (N.D. Ill. Nov. 12, 1999) (granting a stay as plaintiff would suffer no prejudice from the short delay). Other courts have similarly concluded that the long-run benefits of a stay greatly outweigh any potential minimal short-run costs. *See Egon v. Del-Val Fin. Corp.,* No. 90-4338, 1991 WL 13726, at *1 (D.N.J. Feb. 1, 1991) ("[E]ven if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay"); *Arthur-Magna, Inc. v. Del-Val Fin. Corp.,* No. 90-4378, 1991 WL 13725 (D.N.J. Feb. 1, 1991) (noting that even if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay); *Rosenfeld v. Hartford Fire Ins. Co.,* Nos. 88-cv-2153, 88-cv-2252, 1988 WL 49065, at *2 (S.D.N.Y. May 12, 1988) ("While [plaintiffs] may suffer some initial delay, once the cases are coordinated and the defendants are able to respond to all the complaints in a coordinated manner, more time may well be saved than was lost.").

---

[5]     Additionally, the Panel has experience dealing with remand issues and severance of parties and claims that are not properly adjudicated in the MDL. *See In re Zyprexa Products Liability Litigation,* No. 1:04-md-01596-JBW-RLM (J.P.M.L. Feb. 16, 2006) (Order severing the claims of prescription drug provider Janssen from the claims brought against Lilly and remanding claims against Janssen to the Eastern District of Missouri while transferring claims against Lilly to MDL 1596 because "claims involving prescription drugs other than Zyprexa . . . do not share sufficient questions of fact with claims relating to Zyprexa to warrant inclusion of the former claims in the MDL-1596 proceedings") (attached as Exhibit "P").

E.    **All Parties Will Benefit By Transfer To An Active, Advanced MDL.**

The Zyprexa MDL is at an advanced stage.  As recently as February, the MDL court ordered scheduling for the prompt completion of discovery to allow for dispositive motions and motions in limine.  *See* Order filed February 21, 2006 (attached as Exhibit "Q").  Special Master Peter Woodin held a hearing on April 6 to implement Judge Weinstein's Order, and the Special Master anticipates that the discovery necessary for *Daubert* motions will be completed shortly.  Judge Weinstein has now entered an Order setting motions for summary judgment and *Daubert* motions for November 17, 2006, and setting trial in those cases currently pending in the Eastern District of New York for January 22, 2007.  *See* Order filed May 15, 2006 (attached as Exhibit "R").

All parties will benefit from the coordinated discovery and pre-trial proceedings that have already taken place in the MDL.  For example, Plaintiff's counsel will have the advantage of coordinated discovery consisting of over 4.5 million pages of documents already produced, over a dozen designee depositions already conducted, and Case Management Orders addressing a range of issues.  From the very beginning of the Zyprexa MDL, Judge Weinstein has reached out to both state and federal court judges, and suggested the issuance of stays so that discovery efforts could be coordinated.  *See* Order dated April 16, 2004 (attached as Exhibit "S").  Judge Weinstein has made it equally clear that plaintiffs that are transferred to the MDL will benefit from the discovery already conducted.  *See* Order dated January 5, 2005 (attached as Exhibit "T") (stating "it is expected that all discovery to date will be shared by past and incoming parties without the need for duplication").

IV.    **CONCLUSION**

For the foregoing reasons, Lilly respectfully requests that this Court grant its Motion to Stay and enter an Order staying all pretrial activity in this case, including any motion

-14-

to remand, the period for initial disclosures pursuant to Rule 26 of the Federal Rules of Civil

Procedure, and all other discovery and pretrial deadlines, pending transfer of this case to the

MDL proceeding that has been established in the Eastern District of New York.


James C. Barton, Jr. (BAR014)
Bar Number:  ASB-0237-B51J
Email: jbartonjr@jbpp.com

Alan D. Mathis (MAT052)
Bar Number:  ASB-8922-A59M
Email: adm@jbpp.com

Attorneys for defendant
Eli Lilly and Company

**JOHNSTON BARTON PROCTOR & POWELL LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203
Telephone: (205) 458-9400
Facsimile: (205) 458-9500

**OF COUNSEL**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by first class mail, postage prepaid, on this 23rd day of May 2006 upon the following:

> E. Frank Woodson, Esq.
> Beasley, Allen, Crow, Methvin,
> Portis & Miles, P.C.
> P.O. Box 4160
> Montgomery, Alabama 36104

Of Counsel

W0558321.DOC

-16-