# EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-80514-CIV-HURLEY

EVELYN IRVIN, as personal representative of
the Estate of RICHARD IRVIN, JR.,
    plaintiff,

vs.

MERCK & CO., INC., JOE GHEZZI and
CHRIS METROPULOS,
    defendants.
_____/

FILED by _____ D.C.
OCT 9 2003
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

ORDER REMANDING CASE TO FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA
and CLOSING FILE

THIS CAUSE is before the court upon plaintiff's motion for remand for lack of subject matter jurisdiction [DE# 6], the defendants' response in opposition [DE#17] and the plaintiff's reply [DE#19]. For reasons stated below, the court will grant the motion and remand this case to the state court in which it was originally filed.

1. BACKGROUND

Plaintiff originally filed suit against defendants in state court on May 14, 2003 in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, alleging state common law tort claims arising out of the wrongful death of plaintiff's decedent in consequence of his ingestion of the prescription drug Vioxx, a product manufactured and marketed by defendant Merck & Co., Inc. According to the complaint, Joe Ghezzi and Chris Metropulos, both Florida residents, were sales representatives or sales managers employed by

1

PLAINTIFF'S
EXHIBIT
"B"

Merck to promote, distribute and sell this prescription drug to physicians in the State of Florida, including the plaintiff's decedent's physician.

The defendant Merck filed a notice of removal in this court on June 6, 2003 [DE#1] asserting diversity jurisdiction under 28 U.S.C. §1332 on theory that the two non-diverse individual defendants, Ghezzi and Metropulos, were fraudulently joined to defeat the jurisdiction of this court that would otherwise exist.

## II. DISCUSSION

Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity in three instances: (1) where there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant; (2) where there is outright fraud in the plaintiff's pleading of jurisdictional facts; and (3) where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several, or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

The burden of establishing fraudulent joinder is a heavy one. The determination must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavit and deposition transcripts submitted by the parties, with all factual allegations construed in the light most favorable to the plaintiff, with any uncertainties about the applicable law resolved in the plaintiff's favor. *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368 (11th Cir. 1998). If even a colorable claim against a non-diverse defendant is stated, joinder is proper and the case should be remanded to state court. *Id.*

In this case, plaintiff has asserted facts which state potential causes of action against the individual Florida defendants, having specifically alleged that these defendants were personally involved in the marketing of the prescription drug Vioxx to Florida physicians, including the plaintiff's decedent's physician. In opposing remand, defendants have filed affidavits of the individual defendants who both aver that their sales territory encompasses Broward and Palm Beach County, Florida, but not St. John's County. "Presuming" that plaintiff's decedent and relevant treating physician resided and worked in St. John's County— the alleged county of the plaintiff's residence– from here the defendant urges the inference that there can be no causal connection between the marketing activities of these defendants and the alleged injury to plaintiff's decedent; thus, defendants contends that plaintiff can state no viable cause of action against the non-diverse defendants, and that they are therefore fraudulently joined.

It is not appropriate for the court, in passing on a motion for remand, to make a fact finding on causation drawn from an inference upon an inference. Reminded that the court is "not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law, *Crowe v Coleman*, 113 F.3d 1536, 1538 (11th Cir 1997), the court concludes that the defendants in this case have failed to carry their burden of establishing that plaintiff can state no colorable claim against the non-diverse defendants who are therefore not fraudulently joined. Because their presence as party defendants defeats complete diversity among the parties, this court does not have subject matter jurisdiction to hear this case.

3

It is accordingly ORDERED and ADJUDGED:

1. Because the court lacks subject matter jurisdiction over this case, this action is REMANDED to the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

2. The clerk of the court shall CLOSE this case. DENY any pending motions as MOOT and send a certified copy of this order to the Clerk of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida pursuant to 28 U.S.C §1447.

DONE and SIGNED in Chambers in West Palm Beach, Florida this ___ day of October, 2003.

Daniel T K Hurley
United States District Judge

copies to:

Philip L Valente, Jr., Esq.
Angelo Patacca, Jr., Esq.
David Miceli, Esq
Sharon Kegerreis, Esq.

4