**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| MARIE PERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:06-cv-465-WHA |
| ) | |
| ELI LILLY AND COMPANY et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT ELI LILLY AND COMPANY'S**
**RESPONSE IN OPPOSITION TO PLAINTIFF'S**
**MOTION TO REMAND**

**I.   INTRODUCTION**

Plaintiff's counsel has filed seven identical motions to remand in cases against Eli Lilly and Company ("Lilly") and Yolanda McCain ("Ms. McCain"), which are currently pending in this district. *See Frizzle v. Lilly, Yolanda McCain, et al.*, No.: 2:06-cv-467-MHT (M.D. Ala.); *Gantt v. Lilly, Yolanda McCain, et al.*, No.: 2:06-cv-468-WHA (M.D. Ala.); *Glover v. Lilly, Yolanda McCain, et al.*, No.: 2:06-cv-466-WHA (M.D. Ala.); *Grant v. Lilly, Yolanda McCain, et al.*, No.: 2:06-cv-464-MHT (M.D. Ala.); *Mallard v. Lilly, Yolanda McCain, et al.*, No.: 2:06-cv-481-WHA (M.D. Ala.); *Person v. Lilly, Yolanda McCain, et al.*, No.: 2:06-cv-465-WHA (M.D. Ala.); *Wakefield v. Lilly, Yolanda McCain, et al.*, No.: 3:06-cv-460-WHA (M.D. Ala.).  This Court deferred consideration of similar remand motions in three cases nearly identical to this present one pending transfer to the Zyprexa® MDL. *Muhammad v. Lilly, Yolanda (Brown) McCain, et al.*, No.: 2:05-cv-1046-MHT (M.D. Ala. Nov. 22, 2005) (Thompson, J.) (staying case pending MDL transfer); *McCray-Martin v. Lilly, Yolanda (Brown) McCain, et al.*, No.:

2:05-cv-1048-MHT (M.D. Ala. Nov. 22, 2005) (Thompson, J.) (staying case pending MDL transfer); *Crimes v. Lilly, Yolanda (Brown) McCain, et al.*, No.: 2:05-cv-1047-ID (M.D. Ala.) (DeMent, J.) (deferring consideration of pending remand motion, allowing transfer to MDL). Those three cases are now pending in the MDL. The plaintiffs' allegations that Ms. McCain was not fraudulently joined in those cases will be argued in the MDL. It is only logical to allow the MDL court to decide the recently filed remand motions as well. Indeed, Plaintiff's arguments should be heard there, along with the dozens of other cases in which similar jurisdictional issues will be decided. *See, e.g., Wright v. Lilly, et al.*, No.: 2:06-cv-193-KD-C (S.D. Ala. May 3, 2006) (DuBose, J.) (staying case removed on basis of fraudulent joinder of sales representatives; now pending in MDL); *Anderson v. Lilly, et al.*, No.: 7:06-cv-636-LSC (N.D. Ala. Apr. 27, 2006) (Coogler, J.) (same); *Brownlee v. Lilly, et al.*, 7:06-cv-634-JEO (N.D. Ala. Apr. 5, 2006) (Ott, Mag.) (staying case removed on basis of fraudulent joinder of sales representatives; transfer decision pending); *Jackson v. Lilly, et al.*, No.: 5:06-cv-576-CLS (N.D. Ala. Apr. 5, 2006) (Smith, J.) (staying case removed on basis of fraudulent joinder of sales representatives; now pending in MDL); *Hubbard v. Lilly, et al.*, No.: 3:06-cv-535-CLS (N.D. Ala. Apr. 5, 2006) (Smith, J.) (same); *Wesley v. Lilly, et al.*, No.: 2:06-cv-569-SLB (N.D. Ala. Mar. 27, 2006) (Blackburn, J.) (same); *McTier v. Lilly, et al.*, No.: 2:05-cv-607-MHT (M.D. Ala. Aug. 9, 2005) (Thompson, J.) (same). Plaintiff requests this Court to engage in a completely duplicative exercise, at the risk of inconsistent rulings. For these reasons, and those stated in Lilly's Memorandum in Support of Its Motion to Stay (Doc. # 6) and Lilly's Reply to Plaintiff's Opposition to Motion to Stay (Doc. # 14), the Court should stay this case pending its transfer to the MDL.

Whether Plaintiff's motion to remand is decided by the MDL court or by this Court, it is due to be denied. In this mass tort action where Plaintiff and Lilly are citizens of different states, Plaintiff has sought to avoid federal jurisdiction by joining Ms. McCain, a local sales representative, without any evidence to support the claims against her. Plaintiff's Complaint makes no specific allegations against Ms. McCain; it does not identify a prescribing physician; it does not identify a single statement (false or otherwise) uttered by Ms. McCain. Moreover, Plaintiff has not submitted any evidence to rebut the sworn statements in Ms. McCain's Declaration and Supplemental Declaration, attached as Exhibits "A" and "B," respectively. Indeed, Plaintiff's Motion to Remand is little more than a restatement of the general, conclusory allegations of the Complaint. It is well-settled in the Eleventh Circuit that "[w]hen the Defendants' affidavits are undisputed by the Plaintiffs, the court cannot then resolve the facts in the Plaintiffs' favor based solely on the unsupported allegations in the Plaintiffs' complaint." *Legg v. Wyeth*, 428 F.3d 1317, 1323 (11th Cir. 2005).[1] The undisputed evidence before the Court establishes that there is no possibility Plaintiff can prove any of her claims against Ms. McCain. Plaintiff's Motion to Remand should be denied.

## II. THERE IS NO LEGAL BASIS TO PREDICT THAT PLAINTIFF CAN PROVE ANY OF HER CLAIMS AGAINST MS. MCCAIN UNDER ALABAMA LAW.

Ms. McCain has been fraudulently joined because "there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse)

---

[1] Plaintiff attempts to discount *Legg* by pointing out that remand decisions cannot be appealed and, therefore, the Eleventh Circuit was technically not reviewing the district court's remand decision. Whatever Plaintiff says about *Legg*, it does not change the Eleventh Circuit's unambiguous determination that the record in that case supported a finding of fraudulent joinder. *Legg*, 428 F.3d at 1325. Nor does it weaken the cautionary language of the opinion and the court's clear intent to provide guidance to district courts in their analysis of removal / remand issues.

defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). The Eleventh Circuit has explained that "possible must mean 'more than such a possibility that a designated residence can be hit by a meteor tonight. That is possible. Surely, as in other instances, reason and common sense have some role." *Legg*, 428 F.3d at 1325 n.5 (citing *Braden v. Wyeth*, No. CV-04-PT-235-E, 2005 U.S. Dist. LEXIS 25243 (N.D. Ala. June 30, 2005)). This supports the court in *In re Rezulin Prods. Liab. Litig.* ("*Rezulin I*"), which noted that "[t]he statement . . . that a defendant must establish that there is 'no possibility' that the plaintiff might prevail against a non-diverse defendant . . . cannot be taken literally[,] [because] there always would be a 'possibility,' however remote, that the court or legislature might change its mind so as to permit the plaintiff to prevail." *Rezulin I*, 133 F. Supp. 2d 272, 280 n.4 (S.D.N.Y. 2001).

      **A.**     **There is no possibility Plaintiff can prove a cause of action against Ms. McCain under the AEMLD.**

Plaintiff asserts that she has stated a valid claim against McCain under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"). Plaintiff makes this argument despite the fact that there is no case law, federal or state, in which a sales representative defendant has been held liable under the AEMLD.

          **1.**     <u>**Ms. McCain is not a "seller" or "supplier" under the AEMLD**</u>.

To establish liability under the AEMLD, a plaintiff must prove the defendant sold or supplied the product in question. *See Casrell v. Altec Indus., Inc.*, 335 So. 2d 128, 132 (Ala. 1976) (holding that the AEMLD establishes a cause of action against "a manufacturer, or supplier, or seller . . ."). Ms. McCain's Declaration establishes that she was not a "seller" or "supplier" of the product in question. Rather, her job was limited to "[providing] approved information to physicians about certain

4

prescription medicines sold by Lilly." *See* Exhibit "A." This undisputed declaration conclusively establishes that Lilly, not Ms. McCain, is the seller. *See Legg*, 428 F.3d at 1323 (noting that where a declaration or affidavit is not disputed, "the court cannot then resolve the facts in the Plaintiffs' favor based solely on the unsupported allegations in the Plaintiffs' complaint").

The AEMLD does not impose liability on the lower level employees of a seller or supplier, because "neither the applicable case law nor the policy objectives articulated by Alabama and other state courts can support the extension of the AEMLD to encompass [employees of the seller or supplier]." *Bowman v. Coleman Co., Inc.*, No.: 96-0448-P-C, Slip. Op. at 8 (S.D. Ala. Sept. 3, 1996) (holding that retail store manager is not a "seller"); *accord Rezulin I*, 133 F. Supp. 2d at 287 (applying Alabama law) (finding that pharmaceutical representatives are not sellers or suppliers of the prescription drug they represent).

The Alabama Supreme Court has stated that the AEMLD is "founded on broader moral notions of consumer protection and on economic and social grounds, placing the burden to compensate for loss incurred by defective products on the one best able to prevent the distribution of those products." *Atkins v. American Motor Corp.*, 335 So. 2d 134, 139 (Ala. 1976); *accord Bowman*, No.: 96-0448-P-C, Slip. Op. at 6; *Rezulin I*, 133 F. Supp. 2d at 287. Ms. McCain is not the type of defendant that the Alabama Supreme Court intended to hold liable under the AEMLD doctrine because she is certainly not the one "best able to prevent the distribution of those products." *Id*. *Rezulin I* is on point here. The *Rezulin I* court denied a motion to remand involving claims similar to those in the present case:

> [T]he AEMLD imposes liability only on manufacturers, sellers and suppliers. The sales representative joined in the Alabama case neither manufactured, sold, nor supplied Rezulin. Rather, he was an agent of the manufacturer and seller. As a corporate employee, he was not "the one best able" to prevent sales of defective drugs. In light of the Alabama Supreme Court's clear explanation of the AEMLD's scope and purpose, there is no reasonable basis for supposing that it would impose liability on the sales representative in this case.

*Rezulin I*, 133 F. Supp. 2d at 287. (citing *Atkins*, 335 So. 2d at 139; *Turner v. Azalea Box Co.*, 508 So. 2d 253, 254 (Ala. 1987); *King v. S.R. Smith, Inc.*, 578 So. 2d 1285, 1287 (Ala. 1991)); s*ee also In re Baycol Prod. Litig.*, MDL 1431, slip. op. at 3-6 (D. Minn. Mar. 26, 2004) (denying motion to remand and using the same reasoning as *Rezulin I* for plaintiff's AEMLD claim against sales representative defendants); *Devise v. Kenmore*, No.: CV-03-J-943-S, 2003 U.S. Dist. LEXIS 26789, at *8-9 (N.D. Ala. May 12, 2003) (Johnson, J.) (finding no AEMLD claim against defendant where he was "clearly not a manufacturer, supplier, or seller . . . . At most, he is a sales representative for the seller . . . .")

This Court found the reasoning of *Rezulin I* persuasive in *Bloodsworth v. Smith & Nephew*, No.: 2:05-cv-622-D, 2005 U.S. Dist. LEXIS 38756, at *17-21 (M.D. Ala. Dec. 19, 2005) (DeMent, J.). In *Bloodsworth*, much like the present case, the defendants removed the case to federal court arguing that a local sales representative had been fraudulently joined. The plaintiff had asserted a claim against the sales representative under the AEMLD. Citing *Rezulin I*, the defendants argued that the sales representative was not a "seller" of the subject product, and therefore there was no possibility of an AEMLD against him. This Court agreed. The Court found "the reasoning in *Rezulin* and *Baycol* persuasive and applicable in this case." *Id*. at *20. The

Court then stated that there was no evidence that the local defendant "in his capacity as a sales representative, had any significant control over the distribution of [the manufacturer's] products or could have prevented, in any substantial way, [the manufacturer's] dispersion of its products." *Id*.

The same reasoning applies here. Ms. McCain is not a seller or supplier of Zyprexa and, as established in her undisputed Declaration, she could not have controlled or prevented, in any significant way, the distribution of Lilly's products. Thus, she cannot possibly be held liable under the AEMLD.

### 2. **Plaintiff's reliance on *Clay v. Brown & Williamson Tobacco Corp.* is misplaced.[2]**

Plaintiff relies heavily on *Clay v. Brown & Williamson Tobacco Corp.*, 77 F. Supp. 2d 1220 (M.D. Ala. 1999), to support her contention that she has an arguable claim against Ms. McCain under the AEMLD. As an initial matter, there is no indication that the individual defendants in *Clay* submitted any sworn statements to support the defendants' fraudulent joinder argument. Thus, the plaintiffs did not have

---

[2] Plaintiff's reliance on this Court's remand orders in *Struthers v. Merck & Co., Inc., et al.*, No.: 2:06-cv-127-MHT (M.D. Ala. Mar. 13, 2006), and *Leverett v. Merck & Co., Inc., et al.*, No.: 2:06-cv-128-MHT (M.D. Ala. Mar. 15, 2006), is similarly misplaced. Plaintiff claims that these cases are "indistinguishable" from the present case, yet provides no facts or discussion of the cases. More likely, *Struthers* and *Leverett* are distinguishable. Indeed, Judge Thompson, the author of those opinions, denied a motion to reconsider his stay orders in cases identical to the present one – *Muhammad v. Lilly* and *McCray-Martin v. Lilly* – despite Plaintiff's counsel's citation to the *Struthers* and *Leverett* cases, among others.

In further support of their remand motion, Plaintiff's counsel has submitted five remand orders entered by the United States District Court for the Southern District of Alabama in cases involving the joinder of local physicians. (Doc. # 13). The issues involved in those cases are very different from those at issue in the present case – a case involving the fraudulent joinder of a local *sales representative*, not a local physician. Plaintiff's counsel cannot, and has not even attempted to explain how the orders attached to their Supplemental Exhibit to Motion to Remand have any bearing on the Court's analysis of the remand issue in the present case. The law on the fraudulent joinder of sales representatives is clear. The Southern District cases cited by Plaintiff are inapposite to the present case.

the same obligation as Plaintiff here to come forward with evidence to support the allegations of their complaint.

Also, the court in *Clay* noted the high position – Key Account Manager – held by the individual defendant. *Id*. at 1224. That position is easily distinguishable from the sales representative position held by Ms. McCain in this present case. Ms. McCain's job duties as a sales representatives "are to provide approved information to physicians about certain prescription medicines sold by Lilly." *See* Exhibit "A." The high position held by the individual defendant in *Clay*, whereby he handled and serviced accounts, *Clay*, 77 F. Supp. 2d at 1224, could have given him control over the distribution of the manufacturer's products that Ms. McCain simply did not have in her job as a sales representative.

That the individual defendant's position in *Clay* is distinguishable from that of a sales representative is clear from this Court's decision in the *Bloodsworth* case. Judge DeMent, who authored both the *Clay* and *Bloodsworth* opinions, determined in *Bloodsworth* that a sales representative in very much the same position as Ms. McCain could not be considered a "seller" under the AEMLD because he could not have controlled or prevented the distribution of the subject product. *Bloodsworth*, 2005 U.S. Dist. LEXIS 38756, at *20-21.

### 3. **Plaintiff has not presented any evidence that Ms. McCain had knowledge of the alleged risks of Zyprexa.**

In *Bloodsworth*, the sales representative defendant had submitted an affidavit stating "that he merely received orders and delivered [the manufacturer's] products . . . to physicians, and had no knowledge of any design or manufacturing defect in [the manufacturer's] products . . . ." *Id*. at *20. Judge DeMent noted that "the Supreme Court of Alabama has rejected the theory that a retailer who lacks knowledge of a product's dangerous defect can be liable under the AEMLD simply for 'the mere selling of a defective product.'" *Id*. at *20 (citing *Atkins v. American Motor Corp.*, 335 So. 2d 134, 139 (Ala. 1976). Accordingly, by analogy, the Court cited the sales representative's lack of knowledge of a product defect in holding that there was "no 'reasonable possibility' for concluding that . . . an Alabama court would find [the sales representative defendant] liable under the AEMLD. *Id*. at *20-21.

In the present case, Ms. McCain has attested that her responsibility as a sales representative for Lilly was simply to pass along information about products from Lilly to physicians, that her knowledge of Zyprexa was derived exclusively from training materials and education provided to her by Lilly, and that she was not aware of any risks associated with Zyprexa, other than those provided in the FDA-approved Package Insert for Zyprexa. *See* Exhibits "A" and "B." Based on this Court's analysis in *Bloodsworth*, Plaintiff's failure to rebut these statements and establish that Ms. McCain knew or should have known of the alleged risks of Zyprexa is fatal to Plaintiff's AEMLD claim against her.

    **B.**    **There is no possibility Plaintiff can prove a cause of action against Ms. McCain for fraud.**

    **1.**    <u>**Plaintiff has presented no evidence to rebut Ms. McCain's declarations, which establish that she was a mere conduit of information from Lilly to physicians.**</u>

Alabama law is clear. Individuals that act as mere conduits of information are not proper defendants to defeat diversity jurisdiction. *See Legg*, 428 F.3d at 1324 ("'[T]hose who are only conduits through which faulty information is supplied by one person to a third person cannot be held liable for fraud unless they acted in bad faith.'") (quoting *Fisher v. Comer Plantation, Inc.*, 772 So. 2d 455, 463 (Ala. 2000)). Courts do not permit plaintiffs to turn the law of agency on its head to attribute the alleged fraud of the employer to its employees. *See id.* ("If [manufacturer defendant] knew or should have known of [the product's] harmful effects and did not tell [sales representative defendant], that might be a basis for a claim against [manufacturer defendant], but it would not support the conclusion that [sales representative defendant] herself 'personally participated in the tort' or breach a duty to the Plaintiffs."). This, however, is exactly what Plaintiff has argued.

Plaintiff has attempted to distinguish *Legg* by noting that *Fisher* – the case cited by the *Legg* court for the proposition that innocently passing on information from one person to a third person cannot constitute fraud – involved independent contractors rather than sales representatives. (*See* Motion to Remand at 21.) The conduit through which the information is passed, however, is not the important factor. The important factor is whether the "conduit" personally participated in the fraud or otherwise acted in bad faith. *See Fisher*, 772 So. 2d at 464 ("We held that the defendants were not liable for fraud 'for merely conveying the statements of [the seller] to the agent of the [plaintiffs]'

without evidence of bad faith.") (quoting *Speigner v. Howard*, 502 So. 2d 367, 371 (Ala. 1987)).

Ms. McCain's Declaration establishes that her job as a sales representative was simply to pass along information from Lilly to the physicians with whom she met. *See* Exhibit "A." Ms. McCain's Supplemental Declaration establishes that she was unaware of the alleged risks of Zyprexa (other than those listed in the package insert) and that she never misrepresented, concealed, or withheld information in her possession regarding the safety characteristics of Zyprexa. *See* Exhibit "B." Plaintiff has not presented any evidence to rebut Ms. McCain's declarations. Indeed, without presenting any evidence that McCain knew or should have known about the alleged dangers of Zyprexa, Plaintiff simply restates the conclusory allegations of her Complaint. The conclusory nature of Plaintiff's argument is wholly inadequate to refute the sworn testimony of McCain. Absent evidence that McCain either knew or should have known of the alleged risks of Zyprexa, there is no possibility Plaintiff can establish a claim against her. *Legg*, 428 F.3d at 1324-25 ("Quite simply, there is no reasonable basis to predict that an Alabama court would find [a sales representative defendant], as an individual employee, personally liable for any wrongful action by [a manufacturer defendant] in the absence of evidence that [the sales representative defendant] either knew or should have known of [the product's] allegedly dangerous effects.").[3]

---

[3] Even if plaintiff could present evidence that McCain had knowledge of the alleged dangers of Zyprexa, plaintiff cannot establish another essential element of a fraud or suppression claim. Plaintiff cannot establish that a sales representative like McCain had a duty to disclose information about a drug to plaintiff or her physician. Such a duty would not arise because of the learned intermediary doctrine. The learned intermediary doctrine imposes a duty *on the manufacturer* of the drug, not the sales representative, to warn the physicians. See *Bloodsworth v. Smith & Nephew, Inc.*, No.: 2:05-cv-622-D, 2005 U.S. Dist. LEXIS 38756, at *22-23, 39 (M.D. Ala. Dec. 19, 2005) ("Pursuant to the learned intermediary doctrine, which has been adopted by the Supreme Court of Alabama, any duty to warn is owed by [the manufacturer] . . . the duty is not owed by [the sales representative.]"); *see also Catlett v. Wyeth, Inc.*, 379 F. Supp. 2d

11

### 2. **Plaintiff has failed to comply with the pleading requirements of Rule 9(b).**

Plaintiff has made no effort to comply with the requirements of Rule 9 (b), which, under both the Federal Rules and the Alabama Rules, requires that the circumstances of the alleged fraud be pleaded with particularity. Under Rule 9(b) of the Alabama Rules of Civil Procedure, it is well established that the pleading must "show the time, place and the contents or substance of the false representation, the facts misrepresented, and an identification of what has been obtained." *Devise v. Kenmore*, No.: CV-03-J-943-S, 2003 U.S. Dist. LEXIS 26789, at *8-9 (N.D. Ala. May 12, 2003) (Johnson, J.) (citing *Smith v. National Sec. Inc. Co.*, 860 So. 2d 343, 346 (Ala. 2003)).

Here, it is telling what Plaintiff has omitted from her purported fraud claims:

(1) failed to identify any prescribing physician(s);

(2) failed to allege the time or place where any alleged statement(s) took place;

(3) failed to allege the content or substance of any alleged statement attributed to Ms. McCain;

(4) failed to identify even a single statement attributed to Ms. McCain.

The court in *Rezulin I* found *more detailed* allegations than those presented here to be insufficient. *See Rezulin I*, 133 F. Supp. 2d at 283 (finding plaintiffs' allegation that "on or after March, 1997, in the State of Mississippi, and particularly in LeFlore County, Mississippi" the individually named sales representatives "represented to [plaintiffs] that the Rezulin drug was not defective or unreasonably dangerous to its users" does not satisfy Rule 9). The general and conclusory statements in Plaintiff's Complaint are not

---

1374, 1381 (M.D. Ga. 2004); *Johnson v. Parke-Davis*, 114 F. Supp. 2d 522, 524-25 (S.D. Miss. 2000); *In re Diet Drugs*, 220 F. Supp. 2d 414, 425 (E.D. Pa. 2002).

sufficient to state a claim for fraud. *See, e.g., Baycol*, MDL 1431, slip. op. at 7 (finding fraud allegations to be deficient where "[n]o allegation specifies the specific misrepresentation the individual defendants made, to whom and under what circumstances").

The particularity standard of Rule 9 also "requires plaintiff in pleading fraud to distinguish among defendants and specify their respective role in the alleged fraud." *See McAllister Towing & Transp. Co. v. Thorn's Diesel Serv., Inc.*, 131 F. Supp. 2d 1296, 1302 (M.D. Ala. 2001). Plaintiff here lumps all defendants together and asserts allegations against "the Defendants," collectively. Compl. at ¶¶ 1-72. These generalized allegations fall well short of the pleading requirements of Rule 9(b).

## III.  CONCLUSION

For the foregoing reasons and for the reasons stated in Lilly's Notice of Removal, this Court should deny Plaintiff's Motion to Remand, or, in the alternative, defer ruling pending the transfer of this case to the MDL proceeding that has been established in the Eastern District of New York.

s/ James C. Barton, Jr.
James C. Barton, Jr. (BAR014)
Bar Number:  ASB-0237-B51J
Email: jbartonjr@jbpp.com

s/ Alan D. Mathis
Alan D. Mathis (MAT052)
Bar Number:  ASB-8922-A59M
Email: adm@jbpp.com

Attorneys for defendant
Eli Lilly and Company

**JOHNSTON BARTON PROCTOR & POWELL LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203
(205) 458-9400
(205) 458-9500 (fax)

    **OF COUNSEL**

## CERTIFICATE OF SERVICE

    I hereby certify that I electronically filed the above and foregoing with the Clerk of the Court on June 23, 2006, using the CM/ECF system, which will send notification of such filing to the following:

    E. Frank Woodson, Esq.
    Beasley, Allen, Crow, Methvin,
    Portis & Miles, P.C.
    P.O. Box 4160
    Montgomery, Alabama 36104

    s/ Alan D. Mathis
    Of Counsel

W0562870.DOC